**Denver Eugene MINER, II, Appellant,**

**v.**

**Peggy Lee MINER, Appellee.**

**No. 65431.**

Supreme Court of Oklahoma.

March 29, 1988.

C.B. Savage, Savage, O'Donnell, Scott, McNulty & Affeldt, Tulsa, for appellant.

Edwin W. Ash, Ash, Crews & Reid, Okmulgee, for appellee.

## MEMORANDUM OPINION

ALMA WILSON, Justice:

The parties were divorced in January, 1983. The appellant moved to modify both child and alimony support in September, 1985, alleging a substantial change of condition caused by income reduction since the decree of divorce had been entered. The trial court refused to modify the decree, concluding that it did not have the authority under the 1983 revision of 12 O.S. § 1289 (1983 Okla.Sess.Laws, ch. 86, § 1) to modify the support alimony ordered in the decree of divorce. The Court of Appeals reversed finding that although the trial court lacked authority at the time it conducted its hearing to reduce support alimony payments, the 1987 revision of § 1289 (1987 Okla.Sess.Laws, ch. 130, § 1) governed the disposition of the appeal, and

now provided the authority which the trial court lacked at that time.

In *Nantz v. Nantz*, 749 P.2d 1137, (Okla. 1988) this Court construed the same statute, subsection D. The issue in *Nantz* was whether § 1289(D) could be applied retrospectively in order to consider a motion to modify the support alimony provisions of a divorce decree granted prior to the effective date of the statute. Subsection D allows modification when the supported party cohabits with a member of the opposite sex. This Court found that wording of the subsequent amendments evidenced a clear intent from the legislature that the statute be given retrospective effect. As the rationale in *Nantz* applies equally to this case, we hold that § 1289(E) must be given retrospective effect.

Although the result of the case published in 58 OBJ 2815 by the Court of Appeals is correct, the reasoning is contrary to that of *Nantz*. We leave undisturbed the decision of the Court of Appeals concerning child support payments.

For the reasons set forth above, we order that the Court of Appeals opinion in the case at bar be withdrawn from publication, and remand this case for consideration of the appellant's motion to modify the support alimony provisions of the decree of divorce.

CERTIORARI PREVIOUSLY GRANTED, DECISION OF THE COURT OF APPEALS WITHDRAWN FROM PUBLICATION, DECISION OF THE TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART, REMANDED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES and LAVENDER, JJ., concur.

KAUGER, J., with whom OPALA and SUMMERS, JJ., join, dissenting for the reasons expressed in the dissent by OPALA, J. in *Nantz v. Nantz*, 749 P.2d 1137 (Okla.1988).